JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 23 2005

FILED
CLERK'S OFFICE

DOCKET NO. 1507

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*IN RE PREMPRO PRODUCTS LIABILITY LITIGATION*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-43)*

On March 4, 2003, the Panel transferred five civil actions to the United States District Court for the Eastern District of Arkansas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 1,796 additional actions have been transferred to the Eastern District of Arkansas. With the consent of that court, all such actions have been assigned to the Honorable William R. Wilson, Jr.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Arkansas and assigned to Judge Wilson.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Arkansas for the reasons stated in the order of March 4, 2003, 254 F.Supp.2d 1366 (J.P.M.L. 2003), and, with the consent of that court, assigned to the Honorable William R. Wilson, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Arkansas. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

_Michael J. Beck_
Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-43 - TAG ALONG ACTIONS
## DOCKET NO. 1507
## IN RE PREMPRO PRODUCTS LIABILITY LITIGATION

DISTRICT  DIV. C.A.#

**CALIFORNIA CENTRAL**
| | | | |
|---|---|---|---|
| CAC | 2 | 04-10300 | Brenda Harvey v. Wyeth, et al. |
| CAC | 2 | 05-853 | Joy Miller v. Wyeth |
| CAC | 2 | 05-900 | Tena Valentine v. Wyeth, et al. |
| CAC | 2 | 05-905 | Mary Dawson v. Wyeth, et al. |
| CAC | 2 | 05-911 | Wanda Foltz v. Wyeth, et al. |
| CAC | 2 | 05-1204 | Judith Allen v. Wyeth, et al. |

**CALIFORNIA NORTHERN**
| | | | |
|---|---|---|---|
| CAN | 3 | 04-4087 | Joyce Ford, et al. v. Wyeth, et al. |

**FLORIDA MIDDLE**
| | | | |
|---|---|---|---|
| FLM | 8 | 05-279 | Janet E. Smith v. Wyeth, et al. |

**GEORGIA SOUTHERN**
| | | | |
|---|---|---|---|
| GAS | 1 | 05-14 | Diane Brenda Schlein, et al. v. Wyeth Pharmaceuticals, Inc., et al. |

**KENTUCKY EASTERN**
| | | | |
|---|---|---|---|
| KYE | 7 | 05-58 | Bonnie Gibson, et al. v. Wyeth, et al. |
| KYE | 7 | 05-61 | Gaye Thompson, et al. v. Wyeth, et al. |
| KYE | 7 | 05-62 | Jewelne Turner, et al. v. Wyeth, et al. |

**LOUISIANA EASTERN**
| | | | |
|---|---|---|---|
| LAE | 2 | 05-582 | Rosalie L. Kibodeaux v. Wyeth, Inc., et al. |

**LOUISIANA WESTERN**
| | | | |
|---|---|---|---|
| LAW | 5 | 05-230 | Cora Graham v. Wyeth, Inc., et al. |

**MASSACHUSETTS**
| | | | |
|---|---|---|---|
| MA | 1 | 04-12350 | Karen Luciano, et al. v. Wyeth, Inc., et al. |
| MA | 1 | 05-10144 | Sheryl Skerry v. Wyeth, Inc., et al. |

**MINNESOTA**
| | | | |
|---|---|---|---|
| MN | 0 | 05-91 | Barbara Mahanes v. Wyeth, et al. |
| MN | 0 | 05-263 | Sonia Holt v. Wyeth, et al. |
| MN | 0 | 05-405 | Eleanor Ridenhower v. Wyeth, et al. |
| MN | 0 | 05-406 | Rhoda Ann Greene, et al. v. Wyeth, et al. |
| MN | 0 | 05-407 | Patricia Burchfield, et al. v. Wyeth, et al. |

**MISSISSIPPI SOUTHERN**
| | | | |
|---|---|---|---|
| MSS | 3 | 04-877 | Carolyn Green v. Wyeth, Inc., et al. |
| MSS | 3 | 05-113 | Carla Clemons v. Wyeth, Inc., et al. |

**OHIO SOUTHERN**
| | | | |
|---|---|---|---|
| OHS | 2 | 05-104 | Norma Hiles, et al. v. Pharmacia & Upjohn Co., et al. |
| OHS | 3 | 05-47 | Janet L. Burkhardt, et al. v. Wyeth, Inc., et al. |

**OREGON**
| | | | |
|---|---|---|---|
| OR | 6 | 05-6028 | Barbara Thompson v. Wyeth, Inc., et al. |

**PENNSYLVANIA EASTERN**
| | | | |
|---|---|---|---|
| PAE | 2 | 04-4170 | Lovena Nickle v. Solvay Pharmaceutical, Inc., et al. |

SCHEDULE CTO-43 TAG-ALONG ACTIONS (MDL-1507)

Page 2 of 2

**DISTRICT DIV. C.A.#**

SOUTH CAROLINA
    SC    8  05-367    Doris Leopard, et al. v. Wyeth, Inc., et al.

TEXAS EASTERN
    TXE    4  04-450    Angela Choate, et al. v. Wyeth, et al.

TEXAS NORTHERN
    TXN    3  05-195    Judy Ballenger v. Pharmacia & Upjohn Co., LLC, et al.

TEXAS SOUTHERN
    TXS    4  05-14    Wilma Irene Hudelson v. Wyeth, Inc., et al.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERYL SKERRY,<br><br>　　　Plaintiff,<br><br>v.<br><br>WYETH, INC.; WYETH PHARMACEUTICALS, INC.; PFIZER, INC.; PHARMACIA & UPJOHN, LLC, f/k/a PHARMACIA & UPJOHN, INC.; PHARMACIA & UPJOHN COMPANY LLC, f/k/a PHARMACIA & UPJOHN COMPANY; BARR LABORATORIES, INC.; and GREENSTONE, LTD.<br><br>　　　Defendants. | Civil Action No.<br>05-10144-DPW |

**DEFENDANTS' AGREED-TO MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

Defendants Pfizer, Inc., Pharmacia & Upjohn, LLC, Pharmacia & Upjohn Company, LLC and Greenstone, LTD. (collectively "Defendants") hereby request an extension of time to answer or otherwise plead in response to plaintiff Sheryl Skerry's (hereinafter "Plaintiff") Complaint and Jury Demand. In support of their Motion, Defendants state that counsel for Plaintiff has agreed to the extension of time sought by the Defendants. Defendants further state as follows:

　　　1.　　　Plaintiff filed a Complaint in this product liability action on or about January 25, 2005.

　　　2.　　　Pursuant to Fed. R. Civ. P. Rule 4, Defendants agreed to Plaintiff's request for waiver of service of a summons and the Complaint, which request was mailed to Defendants on our about February 10, 2005.

BOS1482542.1

3. In her Complaint, Plaintiff alleges that she suffered personal injuries as a result of taking a hormonal therapy medication for menopause symptoms.

4. All federal cases involving hormonal therapy medication-related litigation have been, or are in the process of being, transferred to the Judicial Panel on Multidistrict Litigation, *In Re Prempro Products Liability Litigation*, Docket No. 1507, in the United States District Court for the Eastern District of Arkansas ("Judicial Panel"). On March 25, 2005, pursuant to 28 U.S.C. § 1407, the Judicial Panel issued a Conditional Transfer Order, transferring this action to the Judicial Panel. (A copy of the Conditional Transfer Order is attached hereto as Exhibit 1.) The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas, has been designated the transferee judge by the Judicial Panel for all hormonal therapy litigation MDL cases.

5. Defendants request an extension of time to answer or otherwise plead in response to Plaintiff's Complaint until 20 days after the transfer of this case to the Judicial Panel is effected.

6. Counsel for Plaintiff has agreed to the extension of time sought by the Defendants.

WHEREFORE, Defendants respectfully request that this Court:

a. Allow Defendants' Motion;

b. Enter an Order granting Defendants an extension of time to answer or otherwise plead in response to Plaintiff's Complaint until twenty (20) days after the transfer of this case to the Judicial Panel is effected; and

c. Grant such further relief as this Court deems just and appropriate.

## RULE 7.1(A)(2) CERTIFICATION

The undersigned counsel hereby certifies that he has conferred in good faith with Steve D. Resnick, Esq., counsel of record for Plaintiff Sheryl Skerry, who has agreed to the extension of time sought by Defendants in this Motion.

Respectfully submitted,

PFIZER, INC., PHARMACIA & UPJOHN, LLC, PHARMACIA & UPJOHN COMPANY, LLC AND GREENSTONE, LTD.,

By its attorneys,

/s/ *J. Christopher Allen, Jr.*
_____
Joseph J. Leghorn (BBO No. 292440)
J. Christopher Allen, Jr. (BBO No. 648381)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02118
(617) 345-1000

## CERTIFICATE OF SERVICE

I, J. Christopher Allen, Jr., do hereby certify that a true copy of the above document was served upon all counsel of record by electronic service on this 11th day of April, 2005.

/s/
_____
J. Christopher Allen, Jr.